# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-50220
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH KRIST, also known as Joseph C. Krist, also known as Jose Krist, also known as Joseph Lee Krist, also known as Joseph L. Krist, also known as Joseph Cyclematha Krist, III, also known as Joseph Cyro Krist, also known as Joe C. M. Krist, III, also known as Joseph Cyralmathard Krist, III, also known as Joseph Cyralmath Krist, III, also known as Joseph C. M. Krist,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-418-1

————————————

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joseph Krist was convicted following a jury trial of one count of bank robbery, one count of armed robbery, and aiding and abetting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50220

those offenses.  The jury did not reach a verdict on an additional count of bank robbery.  He appeals his conviction.

Krist contends that the district court erred by allowing the Government, under Federal Rule of Evidence 404(b), to present evidence of uncharged bank robberies.  He maintains that the evidence, which was extrinsic to the charged offenses, exclusively implicated his character and lacked probative value that substantially outweighed its prejudicial impact.  The Government counters that the challenged evidence was admissible because it was either intrinsic to the charged offenses or extrinsic but satisfied the requirements of Rule 404(b).  We review evidentiary rulings for abuse of discretion, subject to harmless error examination.  *See United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008).

It is unnecessary for us to determine if the challenged evidence was extrinsic, implicating Rule 404(b), because any error in admitting that evidence was harmless.  *See id.* at 267-68.  In the context of the entire proceeding, the record does not support a reasonable probability that evidence of the uncharged robberies contributed to the verdict.  *See id.* at 268.  The Government presented substantial evidence that Krist was guilty of the offenses of conviction, including, inter alia, his post-arrest statement in which he confessed to one of the robberies; testimony from the other individuals who participated in the robberies alongside Krist; surveillance videos from the banks that were robbed; and testimony from bank employees who experienced the robberies.  Further, the risk that the jury might have improperly relied on the contested evidence was lessened by the district court's jury instructions concerning the evidence of other acts.  *See United States v. Gordon*, 780 F.2d 1165, 1174 (5th Cir. 1986).  And, the fact that the jury rendered a particularized verdict, convicting Krist on less than all counts, suggests that the jury did not allow evidence of the uncharged bank robberies to affect or

2

prejudice its decision whether Krist committed the offenses alleged in the indictment.  As the record does not support a conclusion that any error in admitting the challenged evidence had a substantial influence on the outcome of the trial, any error was harmless.  *See Hawley*, 516 F.3d at 268.

Krist also argues that he was denied a fair trial because the prosecutor made improper comments during closing arguments.  He specifically identifies two sets of remarks.  First, he disputes the prosecutor's characterization of his defense strategy as seeking to muddy the waters (the prosecutor noted that, during visits to a lake, her daughter would try to see how much mud she could stir up "[a]nd so she'd start kicking her feet around, and it would turn into a great big mud puddle).  That's exactly what the defense has just done."  Second, Krist notes that the prosecutor played the surveillance video of one of the bank robberies for the jury and stopped the video when the robber's face was visible, stating, "Now I don't know about you.  I think that looks an awful lot like Joseph Krist."

In closing arguments, a prosecutor may only discuss "properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence," *United States v. McCann*, 613 F.3d 486, 495 (5th Cir. 2010) (quotation marks and citation omitted).  A prosecutor's closing remarks only rise to the level of reversible error when they "cast serious doubt on the correctness of the jury's verdict." *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005) (quotation marks and citation omitted).  In deciding the effect of a prosecutor's comments, we review (1) the magnitude of the prejudicial effect of the remarks, (2) the efficacy of any cautionary instruction issued by the judge, and (3) the strength of the evidence supporting the conviction.  *Id.*

Even if we assume that both sets of the prosecutor's remarks were improper, Krist has not shown that those comments cast serious doubt on the

correctness of the jury's verdict. *See id.* The remarks were not momentous, and their significance was minimized by the context in which they were offered, i.e., the rebuttal portion of closing argument. The record does not indicate that the comments affected the jury's ability to evaluate the evidence or compelled jurors to disregard their duties. Any prejudicial effect of the remarks was mitigated by the trial court's instructions to the jury that the attorneys' comments were not evidence and that the verdict should be based solely on the evidence presented. *See id.* There was also substantial evidence of Krist's guilt. *See id.* We conclude that no reversible error occurred. *See id.*; *United States v. Mendoza*, 522 F.3d 482, 494, 496 (5th Cir. 2008).

AFFIRMED.